**Fatima Maribel MALDONADO–
CHINCHILLA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 07–74615.

United States Court of Appeals,
Ninth Circuit.

Submitted June 29, 2010.*

Filed July 19, 2010.

Fatima Maribel Maldonado–Chinchilla,
Palmdale, CA, pro se.

Marion E. Guyton, Esquire, Susan B.
Houser, Esquire, James Arthur Hunolt,
Senior Litigation Counsel, Jesse Lloyd Bu-
sen, Trial, Aviva Poczter, Senior Litigation
Counsel, DOJ—U.S. Department of Jus-
tice, Washington, DC, CAC–District Coun-
sel, Esquire, Office of the District Counsel,
Department of Homeland Security, Los
Angeles, CA, Ronald E. Lefevre, Office of
the District Counsel, Department of
Homeland Security, San Francisco, CA,
for Respondent.

Before: ALARCÓN, LEAVY, and
GRABER, Circuit Judges.

MEMORANDUM **

Fatima Maribel Maldonado–Chinchilla, a
native and citizen of Honduras, petitions
pro se for review of the Board of Immigra-
tion Appeals' order dismissing her appeal
from an immigration judge's ("IJ's") deci-
sion denying her application for asylum,

withholding of removal, and relief under
the Convention Against Torture ("CAT").
We have jurisdiction under 8 U.S.C.
§ 1252. We review for substantial evi-
dence, *Lim v. INS,* 224 F.3d 929, 933 (9th
Cir.2000), and we deny the petition for
review.

Maldonado–Chinchilla testified that her
boyfriend raped her, and that she suffered
other domestic violence. Substantial evi-
dence supports the IJ's finding that Mal-
donado–Chinchilla did not establish the
abuse she suffered constituted persecution
because she failed to show the government
was unwilling or unable to protect her
from her boyfriend. *See Castro-Perez v.
Gonzales,* 409 F.3d 1069, 1072 (9th Cir.
2005) (petitioner who did not report being
raped by her boyfriend to authorities did
not show "that an agent of the government
of Honduras committed the rapes, or that
the government of Honduras is unable or
unwilling to control rape in that country").

Because Maldonado–Chinchilla did not
establish eligibility for asylum, it follows
that she did not satisfy the more stringent
standard for withholding of removal. *See
id.*

Finally, substantial evidence also sup-
ports the IJ's denial of CAT relief because
petitioner failed to show it is more likely
than not that she would be tortured if
removed to Honduras. *See Wakkary v.
Holder,* 558 F.3d 1049, 1067–68 (9th Cir.
2009).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.